

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*Federal Courthouse*
*Room A330*
*17 South Park Row*
*Erie, Pennsylvania 16501-1158*                    *814/452-2906*

August 2, 2005

Adam B. Cogan, Esquire
One Northgate Square
Greensburg, Pennsylvania  15601

Re:  United States of America v.
     PIERRE DUVON BOYD
     Criminal No. 05-22 Erie

Dear Mr. Cogan:

This letter sets forth the agreement by which your client, PIERRE DUVON BOYD, will enter a plea of guilty in the above-captioned case.  The letter represents the full and complete agreement between PIERRE DUVON BOYD and the United States Attorney for the Western District of Pennsylvania.  The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, PIERRE DUVON BOYD will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §991, et seq.  The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence.  The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States Court by a preponderance of the evidence.

    A.  The defendant, PIERRE DUVON BOYD, agrees to the following:

            1.  He will enter a plea of guilty to Count One of the Indictment at Criminal No. 05-22 Erie, charging him with violating Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

LIMITED OFFICIAL USE

GOVERNMENT EXHIBIT
1
05-22 E

August 2, 2005
Page 2

2.  He will assist law enforcement agencies in investigating violations of federal drug laws hereinafter "the investigation".

3.  He will be fully debriefed by personnel of the United States Attorney's Office and/or Special Agents of the Federal Bureau of Investigation and/or representatives of other federal, state or local law enforcement agencies as may be determined by the United States Attorney.

4.  He will provide all information and evidence within his knowledge or control concerning the investigation. All such information will be full, complete, accurate, and truthful. The determination of the United States Attorney as to the completeness, accuracy, and truthfulness of the information and evidence provided shall be final and conclusive.

5.  He will provide all documents and/or physical evidence within his possession concerning the investigation.

6.  He will submit to a polygraph examination administered by an agent of the federal government if requested to do so by the United States Attorney.

7.  He will, when requested, testify in grand jury, pretrial, trial, sentencing and post-conviction proceedings in this district and elsewhere.

8.  He will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§3663, 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts, at such times, and according to such terms as the Court shall direct.

9.  Upon request of the United States, he agrees to provide all information regarding his income, assets and financial status. He agrees to submit to interviews as to these matters.

August 2, 2005
Page 3

> 10. If the Court imposes a fine or restitution as part
> of a sentence of incarceration, PIERRE DUVON BOYD
> agrees to participate in the United States Bureau
> of Prisons' Inmate Financial Responsibility
> Program, through which 50% of his prison salary
> will be applied to pay the fine or restitution.

> 11. At the time PIERRE DUVON BOYD enters his plea of
> guilty, he will deposit a special assessment of
> $100 in the form of cash, or check or money order
> payable to "Clerk, U.S. District Court". In the
> event that sentence is not ultimately imposed, the
> special assessment deposit will be returned.

> 12. PIERRE DUVON BOYD waives the right to take a direct
> appeal from his conviction or sentence under 28
> U.S.C. §1291 or 18 U.S.C. §3742, subject to the
> following exceptions:

> > (a) If the United States appeals from the
> > sentence, PIERRE DUVON BOYD may take a
> > direct appeal from the sentence.

> > (b) If (1) the sentence exceeds the
> > applicable statutory limits set forth in
> > the United States Code, or (2) the
> > sentence unreasonably exceeds the
> > guideline range determined by the Court
> > under the Sentencing Guidelines, PIERRE
> > DUVON BOYD may take a direct appeal from
> > the sentence.

> The foregoing reservations of the right to appeal
> on the basis of specified issues do not include the
> right to raise issues other than those specified.

> PIERRE DUVON BOYD further waives the right to file
> a motion to vacate sentence, under 28 U.S.C. §2255,
> attacking his conviction or sentence, and the right
> to file any other collateral proceeding attacking
> his conviction or sentence.

August 2, 2005
Page 4

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. Pursuant to §1B1.8 of the Sentencing Guidelines, the United States Attorney will not use against PIERRE DUVON BOYD any information or evidence provided by him in the course of his assistance in the investigation.

2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of PIERRE DUVON BOYD in the offense charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

3. Prior to sentencing, the United States Attorney will, orally or in writing, move that, pursuant to §3E1.1 of the Sentencing Guidelines, the Court reduce the offense level by 3 levels for acceptance of responsibility, on the grounds that the offense level prior to application of §3E1.1 is 16 or greater, and PIERRE DUVON BOYD timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

4. At the time of sentencing, if his cooperation has been completed, or within 1 year of the imposition of sentence, the United States Attorney will review the timeliness, nature, extent, completeness, accuracy, and truthfulness of the assistance and testimony of PIERRE DUVON BOYD. If the United States Attorney determines PIERRE DUVON BOYD has provided substantial assistance in the investigation or prosecution of other persons, the United States Attorney may, in her discretion, file a motion pursuant to §5K1.1 of the Sentencing Guidelines [and 18 U.S.C. §3553(e)] or under Rule 35(b), Federal Rules of Criminal Procedure, advising the Court of the assistance to law enforcement authorities. PIERRE DUVON BOYD has no right to compel, require or expect that the United States Attorney will file such a motion, however,

August 2, 2005
Page 5

> and the decision to reduce the sentence of PIERRE
> DUVON BOYD below the applicable guideline range or
> any mandatory minimum sentence is solely in the
> discretion of the Court.

5. The United States Attorney will take any position
she deems appropriate in the course of any appeals
from the sentence or in response to any post-
sentence motions.

C. PIERRE DUVON BOYD and the United States Attorney further
understand and agree to the following:

1. The penalty that may be imposed upon PIERRE DUVON
BOYD is:

(a) A term of imprisonment of not less than five
(5) years to a maximum of forty (40) years;
for a second or subsequent felony drug
conviction that is final, whether federal,
state or foreign, a term of imprisonment of
not less than ten (10) years to a maximum of
life;

(b) A fine not to exceed $2,000,000; for a second
or subsequent felony drug conviction that is
final, whether federal, state or foreign, a
fine not to exceed $4,000,000;

(c) A term of supervised release of at least four
(4) years; for a second or subsequent felony
drug conviction that is final, whether
federal, state or foreign, a term of
supervised release of at least eight (8)
years;

(d) A special assessment under 18 U.S.C. §3013 of
$100.

2. The parties stipulate that the type and quantity of
controlled substance attributable to PIERRE DUVON
BOYD in this case for the purposes of §2D1.1 of the
Sentencing Guidelines is 27.1 grams of cocaine
base. The cocaine base was in the form commonly
known as crack. This stipulation includes all
relevant conduct, under §1B1.3 of the Guidelines,
and represents the parties' best understanding on
the basis of the information available as of the

August 2, 2005
Page 6

> date of this agreement. The stipulation is not
> binding upon the Court and does not preclude the
> parties from bringing to the attention of the
> United States Probation Office or the Court any
> information not within their knowledge at the time
> this agreement is executed.

3. If, at any time, the United States Attorney
determines that PIERRE DUVON BOYD has provided any
information or evidence that is not full, complete,
accurate, and truthful, or that PIERRE DUVON BOYD
has not provided assistance or testimony upon
request, or that PIERRE DUVON BOYD has subsequently
committed any additional federal, state, or local
crime(s), the obligations of the United States
Attorney under this agreement are terminated. In
that event, the government may prosecute PIERRE
DUVON BOYD on charges it has agreed to dismiss or
has dismissed, and it may use against PIERRE DUVON
BOYD information and/or evidence obtained from him.
The government may also prosecute PIERRE DUVON BOYD
for perjury or obstruction of justice. Any plea of
guilty previously entered will stand, however, and
PIERRE DUVON BOYD will not have the right to
withdraw the plea of guilty by virtue of his breach
of this agreement.

4. This agreement does not preclude the government
from pursuing any civil or administrative remedies
against PIERRE DUVON BOYD or his property.

5. The parties agree that, although charges are to be
dismissed pursuant to this agreement, PIERRE DUVON
BOYD is not a prevailing party for the purpose of
seeking attorney fees or other litigation expenses
under Pub. L. No. 105-119, §617 (Nov. 26, 1997)
(known as the Hyde Amendment). PIERRE DUVON BOYD
waives any right to recover attorney fees or other
litigation expenses under the Hyde Amendment.

This letter sets forth the full and complete terms and conditions
of the agreement between PIERRE DUVON BOYD and the United States
Attorney for the Western District of Pennsylvania, and there are no
other agreements, promises, terms or conditions, express or
implied.

August 2, 2005
Page 7

Very truly yours,

MARY BETH BUCHANAN
United States Attorney

I have received this letter from my attorney, Adam B. Cogan,
Esquire, have read it and discussed it with him, and I hereby
accept it and acknowledge that it fully sets forth my agreement
with the Office of the United States Attorney for the Western
District of Pennsylvania.    I affirm that there have been no
additional promises or representations made to me by any agents or
officials of the United States in connection with this matter.

PIERRE DUVON BOYD

9/1/05

Date

Witnessed by:

ADAM B. COGAN, ESQUIRE
Counsel for PIERRE DUVON BOYD