IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                 CRIMINAL NO. 05-22 ERIE

PIERRE DUVON BOYD

CHANGE OF PLEA

Proceedings held before the HONORABLE

SEAN J. McLAUGHLIN, U.S. District Judge,

in Courtroom C, U.S. Courthouse, Erie,

Pennsylvania, on Friday, September 2, 2005.

APPEARANCES:
        MARSHALL J. PICCININI, Assistant United States
        Attorney, appearing on behalf of the Government.

        ADAM B. COGAN, Esquire, appearing on behalf of

the Defendant.

Ronald J. Bench - Official Court Reporter

2

1          P R O C E E D I N G S

2

3          (Whereupon, the Change of Plea proceedings began at

4    1:10 p.m., on Friday, September 2, 2005, in Courtroom C.)

5

6          THE COURT:  Would you come up to the podium, please.

7    All right.  Mr. Boyd, I'm informed that you wish to change the

8    plea that you have previously entered at Count One of

9    Indictment No. 05-22 Erie to a plea of guilty, is that correct?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  You're going to have to keep your voice

12   up, Mr. Boyd, speak into the microphone, speak loudly so the

13   court reporter can get you down, okay?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Before accepting your guilty plea, there

16   are a number of questions that I will ask you to make certain

17   it is a valid plea.  If you don't understand any question,

18   please tell me and I will explain it to you.  If at any time

19   you wish to consult with Mr. Cogan, please tell me that, I will

20   give you the opportunity to consult.  I give you these

21   instructions because it is essential to a valid plea that you

22   understand every question before you answer it.  Would you

23   please raise your right hand.

24          (Whereupon, the Defendant, PIERRE DUVON BOYD, was

25   sworn.)


3


1          THE COURT:  Do you understand that now that you have

2   been sworn, your answers to my questions are subject to the

3   penalties of perjury or of making a false statement if you do

4   not answer truthfully?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Would you please tell me your full name?

7          THE DEFENDANT:  Pierre Duvon Boyd.

8          THE COURT:  How old are you, sir?

9          THE DEFENDANT:  Twenty-three.

10          THE COURT:  How far did you go in school?

11          THE DEFENDANT:  The 10th grade.

12          THE COURT:  You completed the 10th grade or got up

13   to the 10th grade?

14          THE DEFENDANT:  Yes, I got up to the 10th grade.

15          THE COURT:  Are you able to communicate in English?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Mr. Cogan, have you been able to

18   communicate with your client in English?

19          MR. COGAN:  Yes, I have, your Honor.

20          THE COURT:  Have you taken any drugs or medication

21   or have you drunk any alcoholic beverages in the past 24 hours?

22          THE DEFENDANT:  No, sir.

23          THE COURT:  Are you now or have you recently been

24   under the care of a physician or a psychiatrist?

25          THE DEFENDANT:  No, sir.


4


1          THE COURT:  Are you now or have you recently been

2    hospitalized or treated for any type of a narcotic addiction?

3            THE DEFENDANT:  No, sir.

4            THE COURT:  Do you understand what's happening here

5    today?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  Does either counsel have any doubt about

8    the competence of this defendant to plead guilty at this time

9    to the charge contained in the Indictment; Mr. Piccinini?

10           MR. PICCININI:  No, your Honor.

11           THE COURT:  Mr. Cogan?

12           MR. COGAN:  I have absolutely none, your Honor.

13           THE COURT:  I find this defendant is competent to

14   plead.  Do you have a lawyer with you today?

15           THE DEFENDANT:  Yes, sir.

16           THE COURT:  What's his name?

17           THE DEFENDANT:  Adam Byron Cogan, sir.

18           THE COURT:  Have you had a sufficient opportunity to

19   discuss your case with him?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  Are you satisfied with the work that Mr.

22   Cogan has done for you?

23           THE DEFENDANT:  Yes, sir.

24        THE COURT:  Do you understand that if you continue

25  to plead not guilty and do not change your plea, you would have

5

1  the right to be assisted by an attorney at the trial of this

2  charge against you?

3        THE DEFENDANT:  Yes, sir.

4        THE COURT:  Do you understand that if you did not

5  enter a guilty plea and if you qualified financially, you would

6  be entitled to be assisted by an attorney at no cost to you at

7  every phase of the processing of these charges against you?

8        THE DEFENDANT:  Yes.

9        THE COURT:  And do you understand that if you did

10  not plead guilty and if there were a trial, under the

11  Constitution and laws of the United States, you would be

12  entitled to a speedy trial by a judge and jury on the charge

13  contained in the Indictment?

14        THE DEFENDANT:  Yes.

15        THE COURT:  Do you understand that if there were a

16  trial, you would be presumed to be innocent at the trial of the

17  charge against you?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Do you understand that if there were a

20   trial, the government would be required to prove your guilt by

21   competent evidence and beyond a reasonable doubt before you

22   could be found to be guilty?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Do you understand that if there were a

25    trial, you would not have to prove that you were innocent?


6


1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you understand that if there were a

3   trial, the jury would have to be unanimous in order to find you

4   guilty of the charge?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand that if there were a

7   trial, you would have the right to participate in the selection

8   of the jury; that you would have the right to strike or

9   eliminate any prospective juror if it was demonstrated that the

10    juror would be unable to render a fair and impartial verdict;

11    and that you would have the right to strike or eliminate ten

12  jurors from the jury and one alternate juror, without giving

13  any reason at all for so doing?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Do you understand that if there were a

16  trial, the witnesses for the government would have to come to

17  court, they would have to testify in your presence?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Do you understand that if there were a

20  trial, your counsel could cross-examine the witnesses for the

21  government, object to evidence offered by the government and

22  then offer evidence on your behalf?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Do you understand that if there were a

25  trial, the government would have to pay witness fees to


                                    7


1  witnesses which you wished to call if you qualified as being

2  financially unable to pay those fees?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  And do you understand that if there were

5  a trial, you would have the right to testify if you chose to?

6        THE DEFENDANT:  Yes.

7        THE COURT:  And do you understand that if there were

8   a trial, you would have the right not to testify and that no

9   inference or suggestion of guilt could be drawn from the fact

10  that you did not testify?

11       THE DEFENDANT:  Yes, sir.

12       THE COURT:  If you plead guilty and I accept your

13  plea, do you understand that you will waive your right to a

14  trial and the other rights which I have mentioned to you, that

15  there will be no trial and that I will enter a judgment of

16  guilt and sentence you on the basis of your guilty plea after

17  considering a presentence report?

18       THE DEFENDANT:  Yes, sir.

19       THE COURT:  If you plead guilty, do you also

20  understand that you will also have to waive your right not to

21  incriminate yourself, because I will ask you questions about

22  what you did in order to satisfy myself that you are guilty as

23  charged and that you will have to acknowledge your guilt?

24       THE DEFENDANT:  Yes, sir.

25       THE COURT:  Now that I have mentioned your rights to

1  you, do you still wish to plead guilty?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Have you received a copy of the

4  Indictment naming you and have you discussed with Mr. Cogan the

5  charge in the Indictment to which you intend to plead guilty

6  today?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Do you understand that you are charged

9  in the Indictment as follows:  "On or about January 28, 2005,

10  in the County of Erie, in the Western District of Pennsylvania,

11  the defendant, Pierre Duvon Boyd, did knowingly, intentionally

12  and unlawfully possess with intent to distribute five grams or

13  more of a mixture and substance containing a detectable amount

14  of cocaine base, in the form commonly known as crack, a

15  Schedule II controlled substance.

16          In violation of Title 21, United States Code,

17  Sections 841(a)(1) and 841(b)(1)(B), et seq."  Do you

18  understand the charge?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Do you understand that in order for the

21  crime of possession with intent to distribute five grams or

22  more of cocaine base, in violation of Title 21 U.S.C. 841(a)(1)

23  and Section 841(b)(1)(B), et seq., to be established, the

24  government must prove all of the following essential elements

25  beyond a reasonable doubt:


9


1       That on or about the date set forth, the defendant

2  possessed with the intent to distribute the controlled

3  substance charged in the Indictment.

4       That the defendant did so knowingly and

5  intentionally.

6       And that cocaine base is a Schedule II controlled

7  substance, pursuant to 21 U.S.C. 812(c), Schedule (II)(a)(4).

8       And that the mixture or substance containing a

9  detectable amount of cocaine base was five grams or more.

10      Do you understand the elements of this crime?

11      THE DEFENDANT:  Yes, sir.

12      THE COURT:  Do you understand that the maximum

13  possible penalties are a term of imprisonment of not less than

14  five years to a maximum of 40 years.

15          A fine not to exceed $2 million.

16          A term of supervised release of at least four years.

17          For a second or subsequent felony drug conviction

18   that is final, whether federal, state or foreign:

19          A term of imprisonment of not less than 10 years to

20   a maximum of life.

21          A fine not to exceed $4 million.

22          A term of supervised release of at least eight

23   years.

24          As well as a mandatory special assessment of $100.

25          Do you understand the maximum penalties for this


                              10


1   crime?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Has anybody made any threat to you or to

4   anybody else that has caused you in any way to plead guilty

5   today?

6          THE DEFENDANT:  No, sir.

7          THE COURT:  Has there been a plea agreement, Mr.

8   Piccinini?

file:///A|/BOYDPLEA.TXT

9          MR. PICCININI:  There has, your Honor, I've marked

10   the document Government Exhibit 1 for identification.  It has

11   previously been provided to counsel and the defendant, and it

12   depicts their signatures on the document.

13          The significant terms of the plea agreement includes

14   the defendant's intention at paragraph A-1 to enter a plea of

15   guilty to Count One of the Indictment.

16          In addition, your Honor, the defendant waives his

17   right to take a direct appeal from his conviction or sentence

18   under 28 U.S.C. Section 1291 or 18 U.S.C. Section 3742, with

19   the limited exceptions that if the United States appeals the

20   sentence, he may appeal the sentence.  And if the sentence

21   exceeds the applicable statutory limits set forth in the United

22   States Code, or if this court unreasonably exceeds the

23   guideline range determined by the court, the defendant may

24   appeal under that circumstance as well.

25          The defendant also waives his right to file a


                                  11


1   collateral attack to his conviction under Title 28 United

2   States Code, Section 2255.

3          At paragraph B-3, the government intends to

4    recommend a three-level reduction for the defendant's

5    recognized acceptance of responsibility.

6          At paragraph C-1, we set forth the maximum penalties

7    that the court has explained here today.

8          At paragraph C-2, the parties stipulate that the

9    type and quantity of controlled substance attributable to the

10   defendant in this case was 27.1 grams of cocaine base.

11         Those would be the significant terms of the plea

12   letter.

13         THE COURT:  All right.

14         MR. PICCININI:  Your Honor, if we may approach side

15   bar.

16         THE COURT:  All right.

17         (At side bar on the record.)

18         THE COURT:  Go ahead.

19         MR. PICCININI:  I requested to come up here because

20   I don't know the identities of the other people in the

21   courtroom.  The plea letter includes several paragraphs

22   concerning his cooperation with the government.  And our

23   intention at time of sentencing to file a downward departure

24   motion if the U.S. Attorney's office determines his cooperation

25  to be substantial.


12


1        THE COURT:  All right, that's fine.

2        (End of discussion at side bar.)

3        MR. PICCININI:  Your Honor, I've marked the document

4  as Government Exhibit 1, would request its admission into

5  evidence.

6        THE COURT:  It's admitted.  Mr. Boyd, did you have

7  an opportunity to read and review the plea agreement before you

8  came to court today?

9        THE DEFENDANT:  Yes, sir.

10        THE COURT:  And do you agree with all the terms and

11  conditions?

12        THE DEFENDANT:  Yes, sir.

13        THE COURT:  And did you discuss the plea agreement

14  with your lawyer?

15        THE DEFENDANT:  Yes, sir.

16        THE COURT:  And you understood the plea agreement,

17  is that right?

18        THE DEFENDANT:  Yes, sir.

19          THE COURT:  Did you sign and date the plea

20   agreement?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  And do you understand by signing the

23   plea agreement, you are attesting with your signature that you

24   agree with all the terms and conditions?

25          THE DEFENDANT:  Yes, sir.


                              13


1           THE COURT:  All right.  Now, has anyone made any

2    promise, other than the plea agreement, that has caused you to

3    plead guilty today?

4           THE DEFENDANT:  No, sir.

5           THE COURT:  Do you understand that I'm not required

6    to accept the plea agreement that you have entered into and may

7    reject it.  But if I reject the plea agreement, you will be

8    advised in open court and you would have the opportunity to

9    withdraw your guilty plea.  If the plea agreement is rejected,

10   you may nevertheless continue your plea of guilty, and if you

11   persist in your guilty plea after the plea agreement is

12   rejected, your sentence, or the disposition of your case, may

13  be less favorable to you than that proposed in the plea

14  agreement.  Do you understand that?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Do you understand that the offense to

17  which you are pleading guilty today is a felony offense; and

18  that if your plea is accepted, you will be adjudged guilty of

19  the offense and that such adjudication may deprive you of

20  valuable civil rights; such as the right to vote, hold public

21  office, serve on a jury, and the right to possess any type of

22  firearm.  Do you understand that?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Under the Sentencing Reform Act of 1984,

25  the United States Sentencing Commission has issued guidelines


14


1  for judges to follow in determining sentences in criminal cases

2  for offenses occurring after November 1, 1987.  Have you and

3  Mr. Cogan talked about how the Sentencing Guidelines might

4  apply to your case and the fact that the suggested guideline

5  ranges are now advisory by virtue of two recent Supreme Court

6  decisions?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Do you understand that the court will

9   not be able to determine the advisory guideline sentence for

10   your case until after the presentence report has been completed

11   and you and the government have had an opportunity to challenge

12   the facts reported by the probation officer?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Do you understand that after it has been

15   determined what guideline sentence does apply to a case, the

16   judge has the authority, in some circumstances, to impose a

17   sentence that is more severe or less severe than that called

18   for by the Sentencing Guidelines?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  And do you understand that under certain

21   circumstances you or the government may have the right to

22   appeal any sentence which I impose?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Let me say that again.  Do you

25   understand that your right to appeal this sentence has been

15

1   circumscribed by the terms and conditions in the plea

2   agreement; do you understand what I just said to you?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  And do you understand that your appeal

5   rights are limited to that which was specifically agreed to in

6   the plea agreement, do you understand that?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  All right.  Do you understand that

9   parole has been abolished, and that if you are sentenced to a

10  term of imprisonment, you will not be released on parole?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Do you understand that if the sentence

13  is more severe than you expected it to be, you will still be

14  bound by your guilty plea and you will have no right to

15  withdraw it?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Except for your discussions with Mr.

18  Cogan about the Sentencing Guidelines, has anybody made any

19  prediction or promise to you about what your sentence will be?

20         THE DEFENDANT:  No, sir.

21         THE COURT:  Has anything that I've said here today

22  suggested to you what your actual sentence is going to be?

23      THE DEFENDANT:  No, sir.

24      THE COURT:  Have you been instructed by your

25  counsel, by government counsel, or by anybody else to respond


16


1  untruthfully to any question about a promised sentence?

2      THE DEFENDANT:  No, sir.

3      THE COURT:  Did you, as charged in Count One, and as

4  previously read to you by me commit the offense as charged?

5      THE DEFENDANT:  Yes, sir.

6      THE COURT:  All right, Mr. Piccinini, what would be

7  the government's proof here?

8      MR. PICCININI:  Your Honor, if the matter proceeded

9  to trial, you would hear testimony from members of the Erie

10  Area Gang Law Enforcement Task Force.  Which would establish

11  that in January of this year, it determined that quantities of

12  crack cocaine were likely being stored at a residence at 2702

13  Brandes Street, number two, or upstairs apartment.

14      A search warrant was obtained from United States

15  Magistrate Judge Susan Paradise Baxter.  On January 28, 2005,

16   members of the EAGLE Task Force executed the search warrant at

17   that location.  A which time, among other items, law

18   enforcement officers located one ounce approximately of crack

19   kind and a digital scale.

20         During the course of that execution of the search

21   warrant, the defendant, Mr. Boyd, arrived on the scene, at that

22   time was willing to talk with law enforcement officers.  In the

23   course of his interview with law enforcement, he admitted the

24   approximate ounce of crack cocaine was in fact his, that it was

25   possessed by him with the intent to distribute the crack


17


1   cocaine.

2         That crack cocaine was sent off to the Pennsylvania

3   State Police laboratory for testing, and it was determined to

4   weigh 27.1 grams, by scientist Brett Baylor and, in fact, it

5   contained cocaine base in the form commonly known as crack.

6         That would be the nature of the government's proof.

7         THE COURT:  All right.  Mr. Boyd, you just heard

8   what Mr. Piccinini has said by way of a summary of the facts,

9   do you agree with everything that he said?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Do you still wish to plead guilty?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Is it your advice that he do so, Mr.

14  Cogan?

15          MR. COGAN:  It is, your Honor.

16          THE COURT:  All right.  Because you acknowledge that

17  you are in fact guilty as charged in Count One, because you

18  know about your right to a trial, because you know what the

19  maximum possible penalty is and because you are voluntarily

20  pleading guilty, I will accept your guilty plea and enter a

21  judgment of guilty on your plea to Count One of Indictment

22  No. 05-22 Erie.

23          It is therefore the finding of the court in the case

24  of United States versus Peirre Duvon Boyd that this defendant

25  is fully competent and capable of entering an informed plea,


                                18


1  and that his plea of guilty is a knowing and voluntary plea

2  supported by an independent basis in fact containing each of

3  the essential elements of the offense and that, therefore, the

file:///A|/BOYDPLEA.TXT

4   plea is accepted and the defendant is now adjudged guilty of

5   the charge.

6           Would you please sign the change of plea form.

7           (Whereupon, the Change of Plea was executed by the

8   Defendant and Defense Counsel.)

9           THE COURT:  A presentence report will be prepared by

10  the probation office.  It is in your best interests to

11  cooperate with the probation officer in furnishing information

12  for that report because that report will important in my

13  decision about what your sentence will be.  You and your

14  counsel will have the right and will have an opportunity to

15  examine that report before sentencing.

16          The disposition of sentencing in this case is set

17  for November the 30th, at 8:30 a.m.  All right, we're in

18  recess.

19

20          (Whereupon, at 1:29 p.m., the Change of Plea

21  proceedings were concluded.)

22

23                  - - -

24

25

file:///A|/BOYDPLEA.TXT

19

1          C E R T I F I C A T E
           _ _ _ _ _ _ _ _ _ _

2

3

4

5     I, Ronald J. Bench, certify that the foregoing is a

6   correct transcript from the record of proceedings in the

7   above-entitled matter.

8

9

10

11   _____

12   Ronald J. Bench

13

14

15

16

17

18

19

20

21

22

23

24

25