```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                )<br>)   Criminal No. 05-22 Erie<br>PIERRE DUVON BOYD,              )            and<br>)   Civil No. 07-240 Erie<br>          Defendant     )<br>) | |

```
          GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S
       28 U.S.C. §2255 MOTION TO VACATE FOR DEFENDANT'S
  FAILURE TO COMPLY WITH AEDPA ONE YEAR STATUTE OF LIMITATIONS
   AND DEFENDANT'S WAIVER OF RIGHT TO FILE COLLATERAL ATTACK
```

    AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney, and responds to the defendant's 28 U.S.C. § 2255 motion:

    1.   On September 2, 2005, Boyd pled guilty to possession with intent to distribute and distribution of five grams or more of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).  (Docket No. 19). Pursuant to a plea agreement entered into evidence as government exhibit 1 at the plea hearing, Boyd stipulated that the amount of cocaine base attributable to his conduct was 27.1 grams.  (Docket No. 18; Plea Letter, ¶ C2).  Boyd also agreed that he waived his right to appeal except for certain limited exceptions and waived the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file

any other collateral proceeding attacking his conviction or sentence. (Docket No. 18, Plea Letter, ¶ 12).

2. Boyd was sentenced on March 2, 2006, to a 72 month term of imprisonment that was within the guideline range. (Docket No. 31). Boyd was further ordered to serve four years' supervised release and to pay a special assessment in the amount of $100.00. (Docket No. 31).

3. On June 21, 2006, Boyd sent correspondence to the sentencing court, which it construed as a Motion to Modify Sentence. (Docket No. 34). The court denied the motion by Order dated June 28, 2006. (Docket No. 35).

4. Boyd did not file an appeal or any other requests for relief until September 7, 2007, when he filed the Motion to Vacate under 28 U.S.C. § 2255 currently pending before this Court.

5. A motion filed pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) must be filed within the one year limitations period set forth therein. 28 U.S.C. § 2255. In Boyd's case, in order to be timely filed, his motion must have been filed within one year from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(1). If a defendant, such as Boyd, does not pursue a timely direct appeal to the court of appeals, his conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired. Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). The time for filing a direct appeal from the judgment of sentence expires ten days after the date of entry of the judgment.

Fed.R.App.Proc. 4(b)(1)(A).

6. Accordingly, Boyd's time for filing a § 2255 petition expired on March 12, 2007.

7. Because Boyd's petition was filed beyond the one year statute of limitations imposed by the AEDPA, this Court should dismiss his claim.

8. Furthermore, Boyd's petition does not establish that "rigid application" of the limitations period would be "unfair", (see Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618-619 (3d Cir. 1998)), or that any of the remaining AEDPA statutory provisions should apply. This is not a case where the Court should exercise its discretion to equitably toll the limitations period. Equitable tolling of the one year AEDPA limitations period is reserved for cases "when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights. ... Mere excusable neglect is not sufficient.'" Id. (citations omitted).

12. Finally, Boyd waived his right to file a section 2255 motion or any other collateral attack to his sentence. (Docket No. 18, Plea Letter, ¶ 12). Thus, even if Boyd's motion had been timely filed, his valid waiver of the right to file this motion precludes the Court's review of the merits of his claims. See United States v. Khattak, 273 F.3d 557 (3d Cir. 2001) (waivers of appeal in criminal cases do not violate public policy and if entered into

knowingly and voluntarily, are valid).[1]

WHEREFORE, government counsel respectfully requests that the defendant's § 2255 motion be dismissed.

                                        Respectfully submitted,

                                        MARY BETH BUCHANAN
                                        United States Attorney

                                        /s/ Marshall J. Piccinini
                                        MARSHALL J. PICCININI
                                        Assistant U.S. Attorney

---

[1] Even if this Court were to reach the merits of Boyd's claims, none of his claims has merit. With respect to Boyd's complaint that he has not begun to serve his federal sentence despite maxing out on his state sentence, the Government notes that the U.S. Marshal's Service requested on September 20, 2007, that Boyd be designated to a federal correctional facility. On October 9, 2007, Boyd was designated to the Federal Correctional Institution at McKean. The remainder of Boyd's claims are also without merit.