# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | Civil Action No. 07-240 Erie |
| v. | ) | Criminal Action No. 05-22 Erie |
| PIERRE DUVON BOYD, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., J.

Presently pending before the Court is a motion by Pierre Duvon Boyd to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and the Government's motion to dismiss for failure to comply with the statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"). For the reasons set forth below, the Government's Motion will be granted.

### I. BACKGROUND

On September 2, 2005, Defendant pled guilty to possession with intent to distribute and distribution of five grams or more of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). See [Doc. No. 19]. Pursuant to the plea agreement, Defendant stipulated that the amount of cocaine base attributable to his conduct was 27.1 grams. See [Doc. No. 18], Government Ex. 1, Plea Agreement ¶ C2. Defendant also agreed that he waived his right to appeal except for certain limited circumstances and further waived the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence. See Plea Agreement ¶A12.

Defendant was subsequently sentenced by the Court on March 2, 2006, to a term of imprisonment of 72 months, and was further ordered to serve four years of supervised release and to pay a special assessment in the amount of $100.00. See [Doc. No. 31]. On June 28, 2006, the Court denied Defendant's motion to modify his sentence. See [Doc. Nos. 34 and 35].

Defendant did not file a direct appeal. On September 7, 2007, Defendant filed the instant

1

Section 2255 Motion. See [Doc. No. 36]. While this Motion was pending, Defendant filed a motion to modify the terms of his imprisonment pursuant to 18 U.S.C. § 3582(c)(2) on March 3, 2008, and appointed counsel filed an unopposed motion for reduction of sentence on June 2, 2008. See [Doc. Nos. 41 and 43]. I granted Defendant's motion on June 4, 2008 and reduced Defendant's sentence of imprisonment from 72 months to 60 months. See [Doc. No. 44].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. The court may dispose with the necessity of a hearing if the motion and the files and records "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. See also United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)). Here, for the reasons discussed below, I find that the Government's motion is meritorious and should be granted.

## III. DISCUSSION

The Government argues that Defendant's Motion is barred by the one-year time limit on the filing of a § 2255 motion imposed by the Anti-Terrorism and Effective Death Penalty Act, (hereinafter "AEDPA"), and that his motion does not establish that "rigid application" of the limitations period would be "unfair," see Miller v. New Jersey Department of Corrections, 145 F.3d 661, 618-19 (3rd Cir. 1998), or that any of the remaining statutory provisions should apply. See 28 U.S.C. § 2255(f)(2)-(4).[1]

A section 2255 motion must be filed within the statute of limitations period imposed by the AEDPA. The Act provides for a one-year period of limitations for a prisoner to file a motion under section 2255, and runs from the latest of:

      (1) the date on which the judgment of conviction becomes final;

      (2) the date on which the impediment to making a motion created

---

[1]Because I find the limitations issue is dispositive, I need not reach the Government's argument with respect to the waiver of appellate rights.

2

> by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As set forth above, the Court sentenced the Defendant on March 2, 2006, and the sentence was not appealed. The time for filing a direct appeal from the judgment of sentence expires ten (10) days after the date of entry of the judgment. See Fed.R.App.Proc. 4(b)(1)(A). Since Defendant did not file a direct appeal, his conviction and sentence became final on the date on which the time for filing such an appeal expired. See Kapral v. United States, 166 F.3d 565, 577 (3rd Cir. 1999) ("If the defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired."). Accordingly, Defendant's time for filing a § 2255 motion expired on March 12, 2007. Defendant did not file the instant motion until September 7, 2007. Because his motion was not filed within one year after the judgment of conviction became final, we agree with the Government that Defendant's motion is precluded by the statute's one-year time bar.[2]

The Third Circuit has held that the AEDPA's one-year limitations period is subject to equitable tolling only in extraordinary circumstances. See Miller, 145 F.3d at 618. "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a

---

[2] The Court's order on June 4, 2008 [Doc. No. 44] reducing the Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) does not alter the date on which Defendant's judgment of conviction became final. See 18 U.S.C. § 3582(b) ("Notwithstanding the fact that a sentence to imprisonment can subsequently be– (1) modified pursuant to the provisions of subsection (c) ... a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."); Abbot v. United States, 1998 WL 229652 at *2 (E.D.Pa. 1998) ("The law is clear that a modification of sentence pursuant to 18 U.S.C. § 3582(c) does not affect the finality of judgment[.]").

3

limitation period] unfair.'" Id. (citation omitted). Defendant "must show that he or she 'exercised reasonable diligence in investigating and bringing the claims.' Mere excusable neglect is not sufficient." Id. at 618-19 (citations and internal citations omitted). Equitable tolling may only be found when: (1) the respondent has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in the wrong forum. See Jones v. Morton, 195 F.3d 153, 159 (3rd Cir. 1999). Here, Defendant does not allege, nor does the record independently suggest, any grounds for equitable tolling or relief under 28 U.S.C. § 2255(f)(2)-(4).

## IV. CONCLUSION

Based upon the foregoing, the Government's Motion to Dismiss Defendant's § 2255 Motion for failure to comply with the AEDPA's one-year statute of limitations is granted. In addition, no certificate of appealability will be issued, as Defendant has not made a substantial showing of the denial of any constitutional right. See 28 U.S.C. § 2253(c). An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Civil Action No. 07-240 Erie |
| | ) | |
| v. | ) | Criminal Action No. 05-22 Erie |
| | ) | |
| PIERRE DUVON BOYD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

AND NOW, this 20th day of January, 2009, for the reasons set forth in the accompanying Memorandum Opinion, IT IS HEREBY ORDERED that the Government's Motion to Dismiss Defendant's 28 U.S.C. § 2255 Motion to Vacate for Defendant's Failure to Comply with AEDPA One Year Statute of Limitations [Doc. No. 37] is GRANTED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c), no certificate of appealability shall be issued, as Defendant has not made a substantial showing of the denial of a constitutional right.

                                                            s/ Sean J. McLaughlin
                                                            United States District Judge

cm: All parties of record.